UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **APOLONIA REYES DE PAULINO**, both individually and on behalf of all other similarly situated persons,<br><br>**Plaintiff,**<br><br>v.<br><br>**EXTENDED AT HOME CARE, INC**<br><br>**Defendant.** | Case No.: _____<br><br>**COMPLAINT** |

## INTRODUCTION

1. This is a Fair Labor Standards Act (FLSA) collective action and a New York Labor Law (NYLL) Rule 23 class action brought Plaintiff on behalf of herself and class of Home Health Aides to remedy Defendant Extended At Home Care, Inc.'s ("Extended At Home Care") failure to pay for all work hours, failure to pay overtime wages, failure to pay spread of hours wages, and failure to provide adequate notice upon hiring and adequate wage statements to a class of Home Health Aides.

2. Plaintiff and the members of the putative FLSA and New York classes (collectively "Plaintiffs") seek overtime, spread of hours wages, statutory and liquidated damages, costs and attorneys' fees, as well as declaratory relief under the FLSA, 29 U.S.C. §201 *et seq.* and the New York Labor Law Articles 6 and 19 and their implementing regulations.

## JURISDICTION

3. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28

U.S.C. §1337, and under Acts of Congress regulating commerce. Alternatively, jurisdiction is conferred upon this Court by 28 U.S.C.A. § 1332 (d) (the Class Action Fairness Act) because (1) upon information and belief the class has 100 or more members, (2) at least one class member is diverse to a Defendant, and (3) upon information and belief the amount in controversy is more than $5 million.

4. This Court has supplemental jurisdiction over any state claim raised by virtue of 28 U.S.C. § 1367(a).

5. The Southern District of New York has personal jurisdiction over Defendant because they do business in New York and in this judicial district.

## VENUE

6. Venue is proper in this District pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District, including many of the wrongs herein alleged.

## PARTIES

**Plaintiffs**

7. Named Plaintiff Apolonia Reyes is a resident of New York. Her FLSA consent to sue form is attached hereto. (*See* Exhibit A).

8. Plaintiff, and the FLSA and New York class members she seeks to represent, are current and former Home Health Aides (HHAs) who worked for Extended At Home Care in New York.

9. The term "Plaintiffs" as used in this complaint refers to the Named Plaintiff and any additional represented parties pursuant to the collective action provision of 29 U.S.C. § 216(b)

and to such members of the class brought pursuant to Fed. R. Civ. P. Rule 23, as described below, individually, collectively, or in any combination.

**Defendant**

10. At relevant times Extended At Home Care listed its business address as 370 7th Avenue, STE 422, New York, New York 10001. (*See* Earning Statement listing business address attached as Exhibit B).

**FACTS**

11. Extended At Home Care is a Home Health Care Agency based in New York City that provides home care services to patients and their families.

12. Upon information and belief, Extended At Home Care grossed more than $500,000 in each of the past six years.

13. At all times relevant herein, Extended At Home Care has been an enterprise within the meaning of 29 U.S.C. § 203(r).

14. At all times relevant herein, Extended At Home Care has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s).

15. At all times relevant herein, Plaintiffs were employed by Extended At Home Care as Home Health Aides to provide home care services to Extended At Home Care's patients.

16. Plaintiff was employed by Extended At Home Care as a Home Health Aide from approximately February 26, 2019 to June 2020.

17. At all relevant times herein, Extended At Home Care was and is an "employer" of Plaintiffs as defined by the FLSA and the NYLL.

18. At all relevant times herein, Plaintiffs were "employees" within the meaning of both the FLSA and NYLL.

19. At all times relevant herein, Plaintiffs were individual employees of Extended At Home Care engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

20. Plaintiffs regularly worked hours in excess of forty (40) hours per week without receiving overtime compensation as required by federal and New York law.

21. Extended At Home Care maintained compensation policies and practices that did not legally compensate Plaintiffs for all hours worked at the federally and New York mandated overtime rate.

22. Extended At Home Care regularly assigns Plaintiffs to work 24-hour "live-in" shifts. During such shifts, a Home Health Aide is required to be present in the patient's home for a full 24-hour period.

23. Extended At Home Care assigned Plaintiff to work live-in shifts.

24. Plaintiffs are regularly required to assist patients with a range of tasks, including cooking, feeding, bathing, and housework.

25. Plaintiffs assigned to work live-in shifts routinely did not receive five hours of uninterrupted sleep because their patients required assistance multiple times each night. Further, Plaintiffs were not relieved of work duties during meal breaks.

26. Plaintiffs assigned live-in shifts typically worked three to four days a week, did not receive a regularly scheduled eight-hour sleep break that included at least five hours of uninterrupted sleep. and three hours of work-fee meal breaks. For example, Plaintiff Reyes de

4

Paulino was awake every hour with her patient and never received the minimum of five hours of uninterrupted sleep. As a result, Plaintiffs assigned to live-in shifts regularly worked more than 40 hours a week for Extended At Home Care, from 72 to 96 hours in a week, without being paid any premium overtime wages of one and one-half times their regular rate of pay.

27. Extended At Home Care did not pay Plaintiffs assigned to work live-in shifts for all work hours. Instead, Extended At Home Care only paid Plaintiff thirteen hours for each 24-hour live-in shift. However, during these 24-hour live-in shifts Plaintiffs did not receive three one-hour uninterrupted meal breaks, and Plaintiffs did not receive an eight-hour sleep break that included at least five hours of uninterrupted sleep.

28. Plaintiffs primary job duties of were materially the same. Plaintiff was in charge of taking care of all of a patient's needs, including feeding and bathing. Plaintiff would also perform household chores at the residence where she would be staying caring for the assigned patient.

29. Extended At Home Care knew that Plaintiffs assigned to work live-in shifts had to work extremely long hours — well over 40 each week — to complete their assigned work but were not paid overtime wages.

30. Upon information and belief, Extended At Home Care also regularly assigns Plaintiffs to work hourly shifts longer than 10 hours a day.

31. Although Plaintiffs regularly work "spread of hours" shift, i.e., a shift longer than ten hours per day, Extended At Home Care failed to pay them an additional hour of work at the minimum wage as required by the New York Labor Law and applicable regulations. 12 NYCRR §142-2.4(a).

32. Upon information and belief, Extended At Home Care paid all similarly situated employees in the same manner.

33. Extended At Home Care's method of paying Plaintiff and all similarly situated employees in violation of the FLSA and New York labor laws was willful and was not based on a good faith and reasonable belief that their conduct complied with the law.

34. Extended At Home Care knew the requirement to pay overtime to their employees, but it intentionally and/or recklessly chose not to do so. Accordingly, Extended At Home Care's violations of the FLSA were willful.

35. Extended At Home Care failed to maintain records concerning Plaintiff's hours worked as required by the FLSA and NYLL.

36. Extended At Home Care failed to furnish Plaintiffs with paystubs that recorded their actual hours worked and rates of regular hourly and overtime pay.

37. Upon information and belief, Extended At Home Care also failed to issue Plaintiffs wage notices that informed them of their regular hourly and overtime pay rates.

38. Extended At Home Care's failure to provide adequate notice and accurate wage statements concealed evidence of wage and hour violations and as result Plaintiffs were injured.

39. Based on the foregoing, as part of its regular business practices, Extended At Home Care has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the NYLL with respect to Plaintiff and similarly situated persons. This policy, pattern and/or practice includes, but is not limited to:

   a. willfully failing to record all of the time that Plaintiff and similarly situated persons worked for the benefit of Extended At Home Care;

   b. willfully failing to keep payroll records as required by the FLSA and NYLL;

c. willfully misclassifying Plaintiff and similarly situated persons as exempt from the overtime requirements of the FLSA and NYLL; and

d. willfully failing to pay Plaintiff and similarly situated persons overtime wages for hours that they worked in excess of 40 hours per week.

40. Upon information and belief, Extended At Home Care's unlawful conduct described herein is pursuant to corporate policies or practices of minimizing labor costs by violating the FLSA and the NYLL.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff brings this complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of:

> All current and former New York Home Health Aides assigned to work live-in shifts employed by Extended At Home Care within the three years preceding the filing of the original complaint and the date of final judgment in this matter. ("FLSA Class").

42. Pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), this complaint may be brought as an "opt-in" collective action for all claims asserted by Plaintiff because her claims are similar to the claims of the putative plaintiffs of the representative action.

43. There are many similarly-situated employees who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join it. Those similarly-situated employees are known to Extended At Home Care, are readily identifiable, and can be located through Extended At Home Care's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTIONS ALLEGATIONS

44. Named Plaintiff brings this case as a Rule 23 class action consisting of:

> All current and former New York Home Health Aides employed by Extended At Home Care within the six years preceding the filing of the original complaint and the date of final judgment in this matter. ("New York Class").

45. Upon information and belief, the New York Class is composed of more than 40 and possibly more than 200 individuals.

46. The Named Plaintiff and the New York Class Members work or have worked for Extended At Home Care as Home Health Aides and have been subjected to Extended At Home Care's policy and pattern or practice of: failing to pay for all overtime wages for hours worked in excess of 40 hours per week; failing to pay spread of hours pay; failing to provide adequate notice upon hiring; and failing to provide accurate wage statements.

47. Extended At Home Care acted and refused to act on grounds generally applicable to the New York Class Members, thereby making declaratory relief with respect to the New York Class appropriate.

48. There are questions of law and fact common to the New York Class including but not limited to: whether Extended At Home Care knew or should have known that Plaintiffs worked overtime hours; whether Extended At Home Care failed and/or refused to pay the New York Class Members overtime wages; whether Extended At Home Care failed to provide adequate notice upon hiring as required by the New York Labor Law; whether Extended At Home Care failed to provide accurate wage statements that reflected the accurate number of hours that Plaintiffs worked.

49. The claims of the Named Plaintiff are typical of the claims of the New York Class she seeks to represent.

50. The Named Plaintiff and her counsel will adequately protect the interests of the New York Class.

8

51. Common questions of law or fact predominate over individual questions and a class action is superior to other methods for the fair and efficient adjudication of the controversy.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: FLSA
(Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.:
On Behalf of Named Plaintiff and the FLSA Class)

52. Extended At Home Care failed to pay premium overtime wages to Named Plaintiff and the FLSA Class in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203, §207 *et seq.* and its implementing regulations.

53. Extended At Home Care engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class and Collective Action Complaint.

54. Named Plaintiff and the FLSA Class Members worked in excess of forty hours in workweeks and were not compensated for all the overtime hours worked.

55. Extended At Home Care failed to keep accurate records of time worked by Named Plaintiff and the FLSA Class.

56. Extended At Home Care did not make a good faith effort to comply with the FLSA with respect to its compensation of Named Plaintiff and the FLSA Class.

57. Because Extended At Home Care's failure to pay proper premium overtime wages for each hour worked over 40 per week was willful, a three-year statute of limitations applies pursuant to 29 U.S.C. §255.

58. As a result of Extended At Home Care's violations of the FLSA, Named Plaintiff and the FLSA Class have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts,

liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

### SECOND CAUSE OF ACTION: NEW YORK OVERTIME
**(New York Labor Law Articles 6 and 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142: On behalf of Named Plaintiff and the New York Class)**

59. Extended At Home Care failed to pay premium overtime wages to the Named Plaintiff and the New York Class Members in violation of New York Labor Law Articles 6 and 19 and their implementing regulations, including but not limited to 12 NYCRR Part 142.

60. Extended At Home Care has engaged in a widespread pattern, policy, and practice of violating New York Labor Law Articles 6 and 19 and their implementing regulations, as detailed in this Class and Collective Action Complaint.

61. Named Plaintiff and the New York Class Members worked in excess of forty hours in workweeks and were not compensated for the overtime hours worked.

62. Extended At Home Care failed to keep accurate records of time worked by Named Plaintiff and the New York Class.

63. Extended At Home Care did not make a good faith effort to comply with the New York Labor Law with respect to its compensation of Named Plaintiff and the New York Class.

64. As a result of Extended At Home Care's violations of the New York Labor Law, Named Plaintiff and the New York Class have suffered damages by being denied overtime wages in accordance with the New York Labor Law in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to New York Labor Law Articles 6 and 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

### THIRD CAUSE OF ACTION: NEW YORK SPREAD OF HOURS PAY
### (12 N.Y.C.R.R. § 142-2.4: On behalf of Named Plaintiff and the New York Class)

65. Plaintiff and the New York Class were required to work in excess of ten (10) hours a day without being compensated for the legally mandated spread of hours pay. This practice is in violation of 12 N.Y.C.R.R. § 142-2.4.

66. Extended At Home Care's failure to pay spread of hours pay was willful.

67. By reason of the foregoing Extended At Home Care is liable to Named Plaintiff and the New York Class in an amount to be determined at trial, plus costs and attorneys' fees.

### FOURTH CAUSE OF ACTION: NEW YORK NOTICE UPON HIRING
### (New York Labor Law Article 6, § 195 (1)(a):
### On behalf of Named Plaintiff and the New York Class)

68. New York Labor Law §195(1)(a) requires employers to provide their employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing specific enumerated criteria. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of such notice, which the employer shall preserve and maintain for six years.

69. Extended At Home Care's failure to comply with New York Labor Law §195(1)(a) was willful.

70. Extended At Home Care has engaged in a widespread pattern, policy, and practice of violating the New York Labor Law Article 6 requirement to provide notice upon hiring as detailed in this Class and Collective Action Complaint.

71. By reason of the foregoing, Extended At Home Care is liable to Named Plaintiff and the New York Class in an amount to be determined at trial, plus costs and attorneys' fees.

11

### FIFTH CAUSE OF ACTION: NEW YORK WAGE STATEMENTS
(New York Labor Law Article 6, § 195 (3):
On behalf of Named Plaintiff and the New York Class)

72. New York Labor Law §195(3) requires that employers furnish non-exempt employees with a statement with every payment of wages listing their regular hourly rate or rates of pay; their overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked.

73. Extended At Home Care has engaged in a widespread pattern, policy, and practice of violating New York Labor Law §195(3) requirement to provide accurate wage statements as detailed in this Class and Collective Action Complaint.

74. Extended At Home Care's failure to comply with New York Labor Law §195(3) was willful.

75. By reason of the foregoing, Extended At Home Cares are liable to Named Plaintiff and the New York Class in an amount to be determined at trial, plus costs and attorneys' fees.

### RELIEF SOUGHT

**WHEREFORE,** Plaintiff prays for judgment against Defendant with respect to the FLSA violations as follows:

  a. Recognizing this proceeding as a collective action under §216(b) of the FLSA and ordering notice to the putative class members at the earliest opportunity to ensure class members' claims are not lost to the FLSA statute of limitations;

  b. Finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff under the FLSA;

    c. Awarding Plaintiffs (and those who have joined in the suit) the costs of this action as provided under the FLSA;

    d. Awarding Plaintiff (and those who have joined in the suit) their attorneys' fees as provided under the FLSA;

    e. Awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

**WHEREFORE,** Plaintiff prays for judgment against Defendant with respect to the New York Class as follows:

    a. Certifying this action as a class action;

    b. Designating Plaintiff as the Class Representative;

    c. Declaring that the practices complained of herein are unlawful under the laws of New York;

    d. Appointing the undersigned as class counsel;

    e. Ordering appropriate equitable and injunctive relief to remedy Defendant's violations of state law, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

    f. Awarding damages, liquidated damages, appropriate statutory penalties, and restitution to be paid by Defendant according to proof;

    g. Awarding pre-judgment and post-judgment interest, as provided by law;

    h. Ordering such other injunctive and equitable relief as the Court may deem just and proper;

    i. Awarding Plaintiff attorneys' fees and costs of suit, including expert fees and costs; and

j.  Granting such other and further relief as may be necessary and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: May 19, 2023

                                                          Respectfully Submitted,

By: /s/ Artemio Guerra
Artemio Guerra
HKM EMPOLYMENT ATTORNEYS, LLP
153 Main Street, Suite 201
New Paltz, NY 12561
Telephone: (212) 439-5127
E-Mail: aguerra@hkm.com

Molly Brooks
Sabine Jean
OUTTEN & GOLDN, LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
E-Mail: mb@outtengolden.com
E-Mail: sjean@outtengolden.com